UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WELLINGTON INDUSTRIES, INC., | CASE NO. 2:13-CV-13459 |
| | JUDGE NANCY G. EDMUNDS |
| Plaintiff, | MAGISTRATE JUDGE PAUL J. KOMIVES |
| v. | |
| JCS TECH. CO. LTD. and | |
| JCS TECH AMERICA, INC., | |
| Defendants. | |
| _____/ | |

## ORDER GRANTING PLAINTIFF'S AUGUST 29, 2014 MOTION FOR LEAVE TO CONDUCT DEPOSITIONS (Doc. Ent. 26)

**A.     Background**

On May 8, 2013, Wellington Industries, Inc. filed a lawsuit against JCS Tech. Co. Ltd., JCS Tech America, Inc. and Aerocosta Global Systems, Inc.  Case No. 2:13-cv-12053-LPZ-LJM (E.D. Mich.).

On May 10, 2013, Wellington Industries, Inc., JCS Tech. Co. Ltd. and JCS Tech America, Inc. reached an agreement.  *See* Doc. Ent. 1 ¶¶ 14-15, Doc. Ent. 1-1 (Case No. 2:13-CV-13459-NGE-PJK). Doc. Ent. 1-1.

Case No. 13-12053 was voluntarily dismissed on May 29, 2013.

**B.     Instant Lawsuit**

**1.**     On August 13, 2013, Wellington Industries, Inc. ("plaintiff") filed this lawsuit against JCS Tech. Co. Ltd. and JCS Tech America, Inc. ("defendants") for (I) breach of contracts, (II) breach of express warranty, (III) breach of implied warranty of merchantability and (IV) breach of implied warranty of fitness for a particular purpose.  Doc. Ent. 1.

Defendants filed an answer, affirmative and/or special defenses and a counterclaim for

breach of contract on January 31, 2014. Doc. Ent. 9.

2.  On May 13, 2014, defendants filed a request of clerk's entry of default. Doc. Ent. 16. That same day, plaintiff filed an answer. Doc. Ent. 17. Thus, on May 14, 2014, the request was denied. Doc. Ent. 18.

3.  Judge Edmunds conducted a scheduling conference on March 13, 2014. Pursuant to the Court's March 13, 2014 scheduling order, the discovery cutoff was July 18, 2014, and the dispositive motion deadline was August 22, 2014. Doc. Ent. 13. In part, the order provides:

> Discovery can be extended after the discovery cutoff date by stipulation, only if the extension of time does not affect the motion cutoff, final pretrial conference, or trial date. Extensions or adjournments of all other dates will only be considered upon the filing of a timely written motion.

Doc. Ent. 13 ¶ IIC.[1]

C.  **Instant Motion**

1.  Plaintiff served requests for production of documents to defendants on or about May 16, 2014. Doc. Ent. 26-1. On June 10, 2014, counsel for the parties agreed to a fourteen (14) day extension to respond to plaintiff's discovery requests. Doc. Ent. 26-2.

Defendants' responses are dated July 2, 2014. Doc. Ent. 26-4. As noted above, discovery closed on July 18, 2014. Thereafter, on or about August 14, 2014, defendants produced certain documents on a USB drive. Doc. Ent. 26-5.

On August 18, 2014, plaintiff noticed the Fed. R. Civ. P. 30(b)(6) deposition of JCS Tech. Co. Ltd. for August 28, 2014 and the deposition of Jerry Sou for August 29, 2014. Doc. Ent. 26-7. However, on August 20, 2014, citing the Court's March 13, 2014 scheduling order

---

[1] On August 14, 2014, defendants filed a motion for summary judgment and declaratory judgment (Doc. Ent. 22). Judge Edmunds is scheduled to hear the motion on October 22, 2014 (Doc. Ent. 25).

(Doc. Ent. 13) and the passing of the July 18, 2014 discovery deadline, defense counsel communicated that defendants would not be appearing at the depositions.  Doc. Ent. 26-8.

**2.**     Currently before the Court is plaintiff's August 29, 2014 motion (Doc. Ent. 26) for leave to conduct depositions.  Defendants filed a response on September 12, 2014.  Doc. Ent. 31.

On September 30, 2014, the parties filed a joint statement of resolved/unresolved discovery issues.  Doc. Ent. 34.

**D.     Discussion**

Judge Edmunds has referred this motion to me for hearing and determination.  Doc. Ent. 27.  A hearing was noticed for October 7, 2014.  Doc. Ent. 32.  On the date set for hearing, attorneys Robert J. Pineau and Victoria A. Valentine  appeared.

Upon consideration of the motion papers and oral argument of counsel for the parties, plaintiff's August 29, 2014 motion for leave to conduct depositions (Doc. Ent. 26) is granted.  I conclude that the interests of justice are better served by allowing the depositions to go forward so that the resulting testimony may be learned by both sides.  Moreover, I do not see evidence of dilatory tactics.  Finally, the parties need not wait until the dispositive motion hearing currently scheduled for October 22, 2014 (*see* Doc. Ent. 25) or for the resolution of defendants' August 14, 2014 dispositive motion (*see* Doc. Ent. 22) before conducting the depositions of Jerry Sou and a corporate representative of JCS Tech. Co. Ltd.

**E.     Order**

Accordingly, plaintiff's August 29, 2014 motion for leave to conduct depositions (Doc. Ent. 26) is GRANTED.  The depositions of Jerry Sou and a corporate representative of JCS Tech. Co. Ltd. should be taken at a date and time to be agreed upon by counsel for the parties.  If

counsel are not able to reach such an agreement, they may contact my chambers to request a discovery conference to settle the issue of the timing of these depositions.

    IT IS SO ORDERED.

    The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: October 07, 2014        s/Paul J. Komives
                                      PAUL J. KOMIVES
                                      UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 7, 20, 2014, electronically and/or by U.S. Mail.

                                      s/Michael Williams
                                      Case Managers for the
                                      Honorable Paul J. Komives